IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEAUMA BEN ALEFOSIO,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; AMERICAN SAMOA GOVERNMENT; IMANAKA ASATO LLLC; RAYMOND GRIFFIN; EMILY MAUGA; JOSEPH MCGINLEY; ANTHONY SUETSUGU; ROY HALL;<br><br>Defendants. | CIV. NO. 26-00277 HG-KJM |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, AS MODIFIED, TO (1) DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 7)**

**and**

**OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 12)**

On July 28, 2026, the Magistrate Judge issued the Findings and Recommendation to (1) Dismiss the Complaint with Leave to Amend and (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 7).

On the same date, the Clerk's Office served the Findings and Recommendation on all Parties. Id.

On August 3, 2026, Plaintiff filed a Motion for Extension of

Time to File an Objection to the Magistrate Judge's Findings and Recommendation. (ECF No. 10).

On August 4, 2026, the Court granted Plaintiff's Motion for Extension of Time to File an Objection to the Magistrate Judge's Findings and Recommendation. (ECF No. 11).

On September 3, 2026, Plaintiff filed an Objection to the Magistrate Judge's Findings and Recommendation. (ECF No. 12).

## STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Findings and Recommendation, the District Court must review de novo the portions to which the Objections are made to the Findings and Recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Under the de novo standard, there is no deference to the Magistrate Judge's ruling and the District Court may freely consider the matter anew as if no decision had been rendered below. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

The District Court may accept, reject, or modify, in whole or in part, the Findings and Recommendation made by the Magistrate Judge, or recommit the matter to the Magistrate Judge with further instructions. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980); Fed. R. Civ. P.

72(b)(3).

## ANALYSIS

### I. Pro Se Pleadings

As an initial matter, the Court recognizes that Plaintiff is proceeding pro se and liberally construes his Complaint and Objection. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The Court also recognizes that unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice of the Complaint's deficiencies and an opportunity to amend prior to dismissal of the action. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). The Court may, however, deny leave to amend where further amendment would be futile. See, e.g., Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008).

### II. Plaintiff's Objection is Overruled

A party's Objection must specifically designate the portions of the Magistrate Judge's Findings and Recommendation to which the party is objecting and the basis of the objection. LR. 74.1.

The Court has reviewed Plaintiff's Objection (ECF No. 12) and the portions of the Findings and Recommendation to which the Objection has been made.

The basis of Plaintiff's Objection is primarily factual.

Plaintiff attempts to supplement his original Complaint with voluminous new factual details and arguments about the nature of his claims. Plaintiff's arguments do not cure the defects of his Complaint. In this stage of the legal proceeding, a screening pursuant to 28 U.S.C. § 1915(e)(2), the focus is on the operative Complaint and whether the pleading standards have been met. The Court must dismiss the Complaint if the Complaint fails to state a claim on which relief may be granted.

The Court agrees with the reasoning of the Magistrate Judge that the Complaint fails to establish personal jurisdiction as to Defendant American Samoa Government and Defendant Roy Hall. The Court also agrees with the reasoning of the Magistrate Judge that the Complaint fails to state a claim for relief.

As to Count I, the Complaint fails to state a claim for fraud on the court pursuant Rule 60(d)(3). As to Count II, the Complaint fails to state a § 1985 conspiracy claim. As to Count III, the Complaint fails to state a § 1983 claim. As to Count IV, the Complaint fails to state a § 1986 claim.

The proper procedure for Plaintiff to correct the deficiencies of his Complaint is to file and Amended Complaint. As the Magistrate Judge explains in the Findings and Recommendation, the filing of an Amended Complaint supersedes the original Complaint. (ECF No. 7, p. 18). The Amended Complaint must include all relevant allegations and cannot refer to, or

incorporate by reference, the original Complaint or its attachments. (Id. at p. 19). The Amended Complaint may not assert new claims or add defendants to claims previously asserted in the Complaint. (Id.)

Plaintiff's Objection is **OVERRULED.**

## III. The Court Adopts the Findings and Recommendation As Modified

Modifications

1. On page 2, line 9, REPLACE "Mar. 15, 2026" with "Mar. 19, 2025".

2. On page 8, line 4, REPLACE "ASG" with "American Samoa"; line 15, INSERT "it" before "must."

3. On page 10, lines 10-11, REPLACE "at 415, 444" with "415, 443"; line 16, REPLACE "relief" with "relieve"; line 19, REPLACE "mean" with "means".

4. On page 12, line 10, REPLACE "19" with "16"; line 21, INSERT "the" before "time".

5. On page 15, line 3, REPLACE "cause" with "causes"; line 22, REPLACE "492" with "493"; line 23, REPLACE "2307723" with "2307739".

6. On page 16, lines 2-4, REPLACE "Moore v. Volume Servs., Inc., CIVIL NO. 21-00492 SOM-KJM, 2022 WL 2307723, at *4 (D. Haw. June 27, 2022)" with "Id."; line 20, REPLACE "they" with "why".

7. On page 19, line 6, REPLACE "Rule" with "Federal Rule of Civil Procedure".

## CONCLUSION

Pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.1, the Findings and Recommendation

to (1) Dismiss the Complaint with Leave to Amend and (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 7) is **ADOPTED AS MODIFIED** as the Opinion and Order of this Court.

Plaintiff’s Complaint is **DISMISSED WITH LEAVE TO AMEND.**

Plaintiff’s Application to Proceed in District Court Without Prepaying Fees or Costs is **DENIED.** Plaintiff is **GRANTED LEAVE** to file a Second Application to Proceed in District Court Without Prepayment of Fees or Costs if Plaintiff chooses to file an Amended Complaint.

The Amended Complaint must cure the defects and deficiencies identified in the Findings and Recommendation. The Magistrate Judge’s Findings and Recommendation explains the necessary steps which must be taken by Plaintiff in order to comply with the Federal pleading requirements including, but not limited to, those set out in Federal Rule of Civil Procedure 8. (ECF No. 7, pp. 18-20).

Failure to 1) file an Amended Complaint and 2) pay the filing fee or file a new Application to Proceed in District Court Without Prepayment of Fees or Costs in full conformance with the applicable federal statutes, the Federal Rules of Civil Procedure, the District of Hawaii Local Rules, and the Orders of this Court on or before **Thursday, October 22, 2026** will result in

//

the automatic dismissal of this action.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, September 23, 2026.

Helen Gillmor
United States District Judge

LEAUMA BEN ALEFOSIO v. U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; AMERICAN SAMOA GOVERNMENT; IMANAKA ASATO LLLC; RAYMOND GRIFFIN; EMILY MAUGA; JOSEPH MCGINLEY; ANTHONY SUETSUGU; ROY HALL; 26-cv-00277-HG-KJM; **ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, AS MODIFIED, TO (1) DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 7) and OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 12).**